IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| MARIE JAFFE | * | |
| and | * | |
| THOMAS JAFFE | * | Case No.: 8:20-CV-3453 |
| Plaintiffs | * | |
| v. | * | |
| CHRISTINA CERVIERI, M.D. | * | |
| and | * | |
| CAPITOL ORTHOPAEDICS & REHABILITATION, LLC | * | |
| | * | |
| Defendants | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE OF QUALIFIED EXPERT

I, Stuart D. Miller, M.D., hereby certify as follows:

1. I am a physician licensed to practice medicine in Maryland.

2. I am board-certified in the medical specialty of orthopedic surgery.

3. I have provided consultation relating to clinical practice in the field of orthopedic surgery and/or have taught in the field of orthopedic surgery within five years of the date of the alleged acts or omissions giving rise to the claim filed in this case.

4. I do not devote annually more than 25 percent of my professional activities to activities that directly involve testimony in personal injury claims.

5. I have reviewed medical records and imaging studies relating to Marie Jaffe's medical treatment, including records and/or studies from Adventist HealthCare Shady Grove

Medical Center, Capitol Orthopaedics and Rehabilitation, LLC, and Ortho Carolina. I have also reviewed Plaintiffs' Complaint and the Certificate of Merit and expert report signed by J. Kent Ellington, M.D.

6.  Based on my review of the medical records and other case materials, and on my education, training, and experience, it is my opinion, to a reasonable degree of medical probability, that Dr. Christina Cervieri complied with the applicable standard of care in her assessment and treatment of Marie Jaffe and that Ms. Jaffe's alleged damages were not proximately caused by any breaches in the standard of care by Dr. Cervieri.

7.  My report regarding the above-referenced matter is attached hereto, as is my curriculum vitae.

_____
Stuart D. Miller, M.D.

Respectfully submitted,

_____
Thomas V. Monahan, Jr. (tvm@gdldlaw.com)
CPF: 7911010243
Sean Gugerty (sgugerty@gdldlaw.com)
CPF: 1512150280
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland 21202
Phone: (410) 783-4000
Fax: (410) 783-4040
***Attorneys for Defendant, Christina Cervieri, M.D.***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of December, 2021, copies of the foregoing Certificate of Qualified Expert and Report of Stuart D. Miller, M.D. was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered parties.

| | |
|---|---|
| Roy L. Mason, Esquire<br>Zachary E. Howerton, Esquire<br>223 Duke of Gloucester Street<br>Annapolis, MD 21401<br>***Counsel for Plaintiffs*** | David A. Roling, Esquire<br>Wharton, Levin, Ehrmantraut & Klein<br>104 West Street, P.O. Box 551<br>Annapolis, MD 21404-0551<br>***Counsel for Capitol Orthopaedics &<br>Rehabilitation, LLC*** |

_____
Sean Gugerty

**STUART D. MILLER, M.D.**
3333 North Calvert Street
Suite 400
Baltimore, Maryland 21218

December 14, 2021

Thomas V. Monahan, Jr., Esquire
Sean Gugerty, Esquire
Goodell, DeVries, Leech & Dann, LLP
One South Street, 20th Floor
Baltimore, Maryland  21202

  **Re:** *Marie Jaffe, et al. v. Christina Cervieri, M.D., et al.*

Dear Counsel:

  I am writing to provide a report concerning my review of the case of <u>Marie Jaffe, et al. v. Christina Cervieri, M.D., et al.</u>  I am a physician licensed to practice in Maryland.  I am board-certified in the medical specialty of orthopedic surgery, and have a specialty focus and professional interest in foot and ankle surgery.  I am presently an Attending Physician at MedStar Union Memorial Hospital Department of Orthopaedic Surgery and also the Educational Associate Director, Foot and Ankle Fellowship at MedStar Union Memorial Hospital Department of Orthopaedic Surgery. I regularly lecture and participate in ongoing research in the field of foot and ankle surgery.  Through my training, practice and experience, I am familiar with the standard of care applicable during the time period relevant to this case among orthopedic surgeons providing care to patients like Marie Jaffe.  The standard of care applicable to those health care providers is that degree of care and skill expected of a reasonably competent health care provider acting in similar circumstances.

  I have reviewed Ms. Jaffe's medical records regarding her right ankle fracture sustained overnight on the evening of November 22, 2018 to November 23, 2018 and her subsequent care and treatment for that injury. Those records include Ms. Jaffe's emergency room visit and subsequent admission as an inpatient to Adventist HealthCare Shady Grove Hospital from November 23, 2018 through November 27, 2018, including records of the surgery performed by Dr. Christina Cervieri on November 24, 2018; outpatient evaluations and care at Capitol Orthopaedics and Rehabilitation on December 6, 2018 and December 11, 2018; and orthopedic care by Dr. Ellington and others at Ortho Carolina from December 2018 through February 2020. I have also reviewed radiology imaging studies, including x-rays and CT imaging, taken of Ms. Jaffe at Adventist HealthCare Shady Grove Hospital, Capitol Orthopaedics and Rehabilitation, and Ortho Carolina. I have also reviewed a *curriculum vitae* of Dr. Cervieri, Plaintiffs' Amended Complaint, and the Certificate of Merit and expert report signed by J. Kent Ellington, M.D. Based on my review of the medical records and other case materials, and on my education, training, and experience, it is my opinion, to a reasonable degree of medical probability, that Dr. Cervieri complied with the applicable standard of care and that Plaintiffs' alleged damages,

including any injury to Ms. Jaffe, were not proximately caused by any breaches in the standard of care by Dr. Cervieri.

It is my opinion that Dr. Cervieri provided appropriate care and treatment at all times relevant to this case. More specifically, Dr. Cervieri met the standard of care by: appropriately assessing and evaluating Ms. Jaffe when called to come to the hospital for a consultation on the evening of November 23, 2018, as reflected in her consultation note in Ms. Jaffe's medical records, including examining Ms. Jaffe's right ankle and reviewing available medical records of Ms. Jaffe and imaging taken earlier that day at Adventist HealthCare Shady Grove Hospital, which included x-rays and CT of the right ankle; appropriately assessing Ms. Jaffe with a comminuted right tib-fib fracture; speaking with Ms. Jaffe and family present at bedside, as well as Ms. Jaffe's treating obstetrician, regarding available options to address her right ankle fracture; making the reasonable decision to recommend an open reduction and internal fixation surgery (ORIF), which is an appropriate surgery to address a comminuted ankle fracture in general and was appropriate for Ms. Jaffe given her reports of significant ongoing pain, her imaging findings and that Dr. Cervieri did not find significant swelling on physician exam, and that treating obstetricians reported her baby was in good condition; appropriately explaining the risks, benefits, and alternatives of the proposed ORIF to Ms. Jaffe; appropriately performing the ORIF procedure on November 24, 2018 and using fluoroscopic imaging to visualize the fixation intra-operatively and before closing the incision; and performing appropriate post-operative care and assessment of Ms. Jaffe after the surgery during the remainder of her hospitalization at Adventist HealthCare Shady Grove Hospital and then as an outpatient on December 6, 2018 at Capitol Orthopaedics & Rehabilitation, and arranging for a colleague at Capitol Orthopaedics & Rehabilitation to see Ms. Jaffe again on December 11, 2018.

I specifically disagree with the allegations stated in Plaintiffs' Complaint and the Certificate of Qualified Expert and Report signed by Dr. Ellington to the contrary, including, but not limited to, the allegation that Dr. Cervieri was insufficiently experienced or otherwise not qualified to perform the ORIF procedure, the allegation that the procedure was improperly performed because a fixation was not applied to the fibula, and the allegation that Dr. Cervieri failed to achieve sufficient near-anatomic alignment. Based on my review of Dr. Cervieri's *curriculum vitae*, it is my opinion that she is well-qualified to perform an ORIF procedure, which is a procedure frequently performed by orthopedic surgeons of all kinds, and is not restricted to foot and ankle specialists. Further, based on review of both the medical records and radiology imaging studies taken of Ms. Jaffe, it is my opinion that the Dr. Cervieri did achieve reasonable and appropriate near-anatomic alignment during the surgery. Nor did the standard of care require her to place a separate fixation on the fibula; when, as here, a patient has an ankle fracture with a fracture to both tibia and fibula, it is common and within the standard of care for a surgeon performing an ORIF to place a fixation only on the tibia and allow the fibula to heal on its own.

Because it is my opinion that Dr. Cervieri did not breach the standard of care, it follows that it is my opinion that Plaintiffs' alleged damages, including any injury to Plaintiffs, were not proximately caused by any breach in the standard of care by Dr. Cervieri.

Counsel
December 14, 2021
Page 3

    My opinions set forth in this report are not exhaustive of all opinions and conclusions that I have reached or will reach regarding the case. I reserve the right, if called as an expert witness in this case, to elaborate on my opinions as well as to supplement my opinions. I also anticipate that I will review additional information if called to be an expert witness in this case through the course of discovery, including but not limited to, deposition testimony, discovery responses and/or additional medical records, all of which I will factor into my opinions.

        Very Truly Yours,

        _____
        Stuart D. Miller, M.D.